Kyle Gurwell (SBN 289298)
360 Consumer Law
10055 Slater Ave, Suite 250
Fountain Valley, CA 92708
(562) 600-9989
kng@lawofficekg.com

*Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYVONNE BURGIE, and EDRIE SCHADE, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>- against -<br><br>FLORA FOOD US INC.,<br><br>            Defendant. | Case No. 3:24-cv-07556-JD<br><br>**FIRST AMENDED<br>CLASS ACTION COMPLAINT**<br><br>Jury Trial Demanded |

Syvonne Burgie ("Plaintiff Burgie"), and Edrie Schade ("Plaintiff Schade") ("Plaintiffs"), through Counsel, allege upon information and belief, except for allegations about Plaintiffs, which are based on personal knowledge:

1.      In response to a butter shortage in the late nineteenth century, a French chemist created an emulsion of vegetable fats and water, dyed yellow.

2.      Where the fat content is equal to or greater than 80 percent, its formal name is margarine.

3.      Today, these butter substitutes are comprised mainly of palm oil, soybean oil, and canola oil.

4.      According to the United States Department of Agriculture ("USDA"), consumption of these vegetable oil blends recently hit its lowest level since 1942, while butter has reached its highest level in fifty years.

5.    This is due to several factors.

6.    First, according to research firm Mintel, "consumers [are] increasingly turn[ing] to butter over margarine/[and vegetable oil] spreads for its natural appeal," and a "preference for less processed foods."

7.    Butter is made by gently churning cream and milk from cows, without chemicals or additives.

8.    In contrast, vegetable oils are heavily refined, in the presence of chemical catalysts, such as nickel and cadmium.

9.    Second, consumers are more aware of the healthier profile of butter compared to vegetable oil alternatives.

10.    Butter contains heart-healthy fats, while vegetable oils contain harmful trans fats, a result of hydrogenation and interesterification.

11.    Butter contains protein, calcium and vitamins A and D, while vegetable oils have no comparable nutritional value, due to the intense processing needed to render them palatable.

12.    Third, vegetable oil spreads are considered ultra-processed foods ("UPF"), frowned upon by nutrition authorities and public health bodies.

13.    The decline in traditional vegetable oil spreads has contributed to "plant butters [] [] popping up in dairy aisles in increasing numbers."[1]

14.    This is consistent with the overall growth in foods that are "plant-based," which exceed $7 billion annually.[2]

---

[1] Ile Kauppila, Plant butters on the ascent, Oils & Fats International, May 2021.

[2] Plant Based Foods Association, 2021 U.S. Retail Sales Data for the Plant-Based Foods Industry.

FIRST AMENDED CLASS ACTION COMPLAINT
*Burgie et al. v. Flora Food US Inc.*, No. 3:24-cv-07556-JD



15.    According to the Hartman Group, at least thirty-six percent of consumers are turning to foods described as "plant-based," due in part to a "focus on health and wellness."[3]



16.    The Good Food Institute ("GFI") reports that in recent years, "plant-based butter grew 12 times faster than conventional butter."[4]

---

[3] Hartman Group, Plant-based Products: No Longer a Niche Lifestyle Choice, Feb. 25, 2021.

[4] Good Foods Institute, 2021 U.S. Retail Market Insights: Plant-based foods, Mar. 2023; Plant Based Foods Association, 2021 U.S. Retail Sales Data for the Plant-Based Foods Industry.

17.     While many have decried "plant butter [as] basically 'new-age margarine,'"[5] others have described how these "new plant butters use real, whole minimally processed ingredients," as their main components, instead of "cheaper ingredients that were refined and highly processed," like palm oil, soybean oil, and canola oil.[6]

18.     The most popular of these alternative, "minimally processed" ingredients is olive oil, discovered thousands of years ago by ancient civilizations, in the Mediterranean basin.

19.     The reasons why global olive oil consumption doubled in the past three decades, now exceeding three million tons per year, are several.[7]

20.     First, numerous studies have confirmed the beneficial impacts of the Mediterranean diet, centered around olive oil.[8]

21.     In this context, "a switch from butter or margarine to olive oil is probably the change that comes easiest to most Americans," seeking to improve their health outcomes.[9]

22.     Unlike the harmful trans fats of palm, soybean, and canola oils, olive oil has high levels of heart-healthy fats, which help control cholesterol.

23.     Whereas standard vegetable oils have no flavor or aroma, due to the intense processing required to render them palatable, olive oil is known for its

---

[5] Lindsay Champion, Plant Butter is Everywhere Right Now. But is it Healthy? A Nutritionist Weighs In, Pure Wow, May 11, 2020; Plant-Based butter: the new star in the dairy aisle, Ingredients Network, May 8, 2020.

[6] Ile Kauppila, Plant butters on the ascent, Oils & Fats International, May 2021.

[7] Food & Beverage Application Bulletin, Olive Oil Trends, PALL Corporation, Feb. 2022.

[8] Florence Fabricant, Mediterranean Gold: An Olive Oil Invasion, New York Times, June 7, 1989.

[9] Bethany E. Blalock, "How to Buy, Store and Eat Olive Oil," Practical Gastroenterology, 39.10 (2015): 32-38.

"distinct peppery or grassy taste and flavor."[10]

24.    Olive oil also contains immunity-promoting antioxidants, like polyphenols, which help slow down the aging process.

25.    Second, in contrast to highly processed and refined palm, soybean, and canola oils, olive oil is extracted from the olive fruit, through cold-pressing, a natural process, without additives or harsh processing.[11]

26.    The downside of olive oil's "high commercial value" is that much of its production is controlled by European organized crime syndicates.[12]

27.    These groups make billions of dollar per year by "cut[ting] the pure, pressed olive oil with cheaper oils," adding harmful green dyes to create the appearance of olive oil, and substituting lower quality pomace oils, yet labeling such foods as olive oil and made with olive oil.

28.    The Congressional Research Service ("CRS") confirmed this type of "economically motivated adulteration" is especially significant for olive oil products, "depriv[ing] the food buyer of the product they think they are getting [] by substitute[ing] [] a high-value product with a less expensive or lower quality alternative."[13]

29.    Not only is it reported that "seventy percent of olive oil is actually fake," numerous plant-based "buttery spread[s] [described] [] [a]s made of 'olive oil'" are mainly highly processed vegetable oils, like palm oil, soybean oil, and canola oil,

---

[10] Brightland, Olive Oil vs. Vegetable Oil.

[11] Spanish Olive Oil Interprofessional Organization, The history of Olive Oil (I), Olive Oils from Spain, Feb. 24, 2016.

[12] Casadei, Enrico, et al. "Emerging trends in olive oil fraud and possible countermeasures," Food Control 124 (2021): 107902.

[13] Renée Johnson, Food Fraud and "Economically Motivated Adulteration" of Food and Food Ingredients, Congressional Research Service, R43358, Jan. 10, 2014.

FIRST AMENDED CLASS ACTION COMPLAINT
*Burgie et al. v. Flora Food US Inc.*, No. 3:24-cv-07556-JD

1   preventing consumers from making informed choices.[14]

2       30.    Over one hundred years ago, consumers were similarly concerned about

3   the replacement of high value and healthy oils, like olive oil, with lower quality oils

4   of the time, such as cottonseed oil.

5       31.    The result was the Federal Food, Drug and Cosmetic Act ("FFDCA") of

6   1938, adopted in this State as the Sherman Food, Drug, and Cosmetic Law ("Sherman

7   Law"), which prohibited "misbranding" and adulteration not just with respect to oils

8   but across the sources of nourishment for American families. 21 U.S.C. § 301 *et seq*;[15]

9   Cal. Health & Safety Code ("HSC") § 109875, *et seq*.; HSC § 110100(a) (adopting

10  federal regulations).

11      32.    The newly established Food and Drug Administration ("FDA") sought

12  to establish "honesty and fair dealing," because it knew "consumers initially [] rely

13  on extrinsic cues such as visual information on labels and packaging," in deciding

14  what to buy.[16]

15      33.    To appeal to consumers who (1) try and avoid traditional vegetable oil

16  spreads and margarine, based on commonly used, yet unhealthy, and highly processed

---

[14] Bridget Chambers, What Is Olive Oil Fraud? An Expert Explains How to Identify It, and Where to Buy the Good Stuff, Camile Styles, June 21, 2021; Lucy Danziger, Watch Out for These Harmful Ingredients in Vegan Butter, Says This Doctor, The Beet, May 10, 2021.

[15] "Misbranded" is the statutory term for labeling that is false and/or misleading, while adulteration means to "render (something) poorer in quality by adding another substance, typically an inferior one."

[16] Lancelot Miltgen et al., "Communicating Sensory Attributes and Innovation through Food Product Labeling," Journal of Food Products Marketing, 22.2 (2016): 219-239; Helena Blackmore et al., "A Taste of Things to Come: The Effect of Extrinsic and Intrinsic Cues on Perceived Properties of Beer Mediated by Expectations," Food Quality and Preference, 94 (2021): 104326; Okamoto and Ippeita, "Extrinsic Information Influences Taste and Flavor Perception: A Review from Psychological and Neuroimaging Perspectives," Seminars in Cell & Developmental Biology, 24.3, Academic Press, 2013.

ingredients, like palm oil, soybean oil, and canola oil, (2) consider "plant-based" foods healthier than non-plant-based alternatives, because they are more natural and/or less processed, (3) are aware of butter's superior attributes, with respect to health, nutrition, and/or taste, compared to margarine and traditional vegetable oil spreads, and/or (4) are aware of olive oil's status as a "superfood," known for providing a range of nutrition and other benefits, Flora Food US Inc., formerly known as Upfield US Inc., ("Defendant") manufactures, labels, markets, packages, and/or sells, a (i) water-in-oil emulsion, (ii) described as "Plant Butter," (iii) promoted as "Made With Olive Oil" and "With Olive Oil," (iv) across a front label depicting three ripening olives, gradually turning from their initial yellow-green, to rose, and then to red-brown, attached to characteristic oblong, olive leaves, (v) in olive green packaging, (vi) shown applied to a piece of fresh toast, (vii) claiming to be "Dairy Free," (viii) favorably compared to butter, through the statement, "Cooks, Bakes, & Tastes Like Butter," and "Great for Cooking & Baking," (ix) above a small, pencil-thin statement in the lower right corner identifying it as a "79% Vegetable Oil Spread," and/or "79% Plant-Based Oil Spread," (x) under the Country Crock brand ("Product").

FIRST AMENDED CLASS ACTION COMPLAINT
*Burgie et al. v. Flora Food US Inc.*, No. 3:24-cv-07556-JD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28





FIRST AMENDED CLASS ACTION COMPLAINT
*Burgie et al. v. Flora Food US Inc.*, No. 3:24-cv-07556-JD

34.    Even the sides of the containers and packaging promote olive oil, describing how this "Plant Butter [is] Made With Ingredients Like Olive Oil."



35.    In-store display cases are replete with full size olives and olive leaves.



36.    Despite the emphasis on olives and olive oil, and its description as "Plant Butter," causing consumers to expect the Product will contain a predominant or significant amount of olive oil, it consists predominantly of the traditional vegetable oils consumers are seeking to avoid, and a negligible or de minimis amount of olive oil.

37.     This is confirmed by the fine print of the ingredients, on the back of the packaging, which lists the components of the "Blend of Plant-Based Oils," in order of predominance by weight. 21 C.F.R. § 101.4(a)(1); 21 C.F.R. § 101.4(b)(14).

38.     In the container, olive oil is the present in the smallest amount, with "SOYBEAN, PALM FRUIT, [AND] PALM KERNEL [OIL]" before "OLIVE AND EXTRA VIRGIN OLIVE OIL."[17]



39.     In the sticks, olive oil is the present in the smallest amount, with "PALM FRUIT, PALM KERNEL, [AND] CANOLA OIL" before "OLIVE OIL."[18]

---

[17] **INGREDIENTS:** BLEND OF PLANT-BASED OILS (SOYBEAN, PALM FRUIT, PALM KERNEL, OLIVE AND EXTRA VIRGIN OLIVE OIL), WATER, SALT, PEA PROTEIN, SOY LECITHIN, CITRIC ACID, NATURAL FLAVOR, VITAMIN E ACETATE, VITAMIN A PALMITATE, BETA CAROTENE (COLOR).

[18] **INGREDIENTS:** BLEND OF PLANT-BASED OILS (PALM FRUIT, PALM KERNEL, CANOLA AND OLIVE OIL), WATER, SALT, PEA PROTEIN, SOY

40.    The Product is "adulterated" and misleads consumers, because despite the labeling and packaging, (i) a water-in-oil emulsion, (ii) described as "Plant Butter," (iii) promoted as "Made With Olive Oil" and "With Olive Oil," (iv) across a front label depicting three ripening olives, gradually turning from their initial yellow-green, to rose, and then to red-brown, attached to characteristic oblong, olive leaves, (v) in olive green packaging, (vi) shown applied to a piece of fresh toast, (vii) claiming to be "Dairy Free," (viii) favorably compared to butter, through the statement, "Cooks, Bakes, & Tastes Like Butter," and "Great for Cooking & Baking," (ix) above a small, pencil-thin statement in the lower right corner identifying it as a "79%

---

LECITHIN, CITRIC ACID, VITAMIN A PALMITATE, NATURAL FLAVOR, BETA CAROTENE (COLOR).

Vegetable Oil Spread," and/or "79% Plant-Based Oil Spread," (x) under the Country Crock brand, causing consumers to expect that olive oil is present beyond a de minimis or negligible amount, in absolute and relative terms, "[the] valuable constituent [of olive oil] has been in whole or in part omitted or abstracted." HSC § 110585(a); 21 U.S.C. § 342(b)(1).

41.    The Product is "adulterated" and misleads consumers, because despite the labeling and packaging, (i) a water-in-oil emulsion, (ii) described as "Plant Butter," (iii) promoted as "Made With Olive Oil" and "With Olive Oil," (iv) across a front label depicting three ripening olives, gradually turning from their initial yellow-green, to rose, and then to red-brown, attached to characteristic oblong, olive leaves, (v) in olive green packaging, (vi) shown applied to a piece of fresh toast, (vii) claiming to be "Dairy Free," (viii) favorably compared to butter, through the statement, "Cooks, Bakes, & Tastes Like Butter," and "Great for Cooking & Baking," (ix) above a small, pencil-thin statement in the lower right corner identifying it as a "79% Vegetable Oil Spread," and/or "79% Plant-Based Oil Spread," (x) under the Country Crock brand, causing consumers to expect that olive oil is present beyond a de minimis or negligible amount, in absolute and relative terms, "[canola oil, palm fruit oil, palm kernel oil, and/or soybean oil] ha[ve] been substituted wholly or in part [] for [olive oil]." HSC § 110585(b); 21 U.S.C. § 342(b)(2).

42.    The Product is "adulterated" and misleads consumers, because despite the labeling and packaging, (i) a water-in-oil emulsion, (ii) described as "Plant Butter," (iii) promoted as "Made With Olive Oil" and "With Olive Oil," (iv) across a front label depicting three ripening olives, gradually turning from their initial yellow-green, to rose, and then to red-brown, attached to characteristic oblong, olive leaves, (v) in olive green packaging, (vi) shown applied to a piece of fresh toast, (vii) claiming to be "Dairy Free," (viii) favorably compared to butter, through the statement, "Cooks, Bakes, & Tastes Like Butter," and "Great for Cooking & Baking," (ix) above

a small, pencil-thin statement in the lower right corner identifying it as a "79% Vegetable Oil Spread," and/or "79% Plant-Based Oil Spead," (x) under the Country Crock brand, causing consumers to expect that olive oil is present beyond a de minimis or negligible amount, in absolute and relative terms, "[canola oil, palm fruit oil, palm kernel oil, and/or soybean oil] ha[ve] been added thereto or mixed or packed therewith so as to increase its bulk or weight." HSC § 110585(d); 21 U.S.C. § 342(b)(4).

43.    The use and/or addition of canola oil, palm fruit oil, palm kernel oil, and/or soybean oil, allows the Product to use mainly lower valued oils, and use a small, absolute and relative amount of olive oil, which is more valued by consumers.

44.    The Product is "adulterated" and misleads consumers, because despite the labeling and packaging, (i) a water-in-oil emulsion, (ii) described as "Plant Butter," (iii) promoted as "Made With Olive Oil" and "With Olive Oil," (iv) across a front label depicting three ripening olives, gradually turning from their initial yellow-green, to rose, and then to red-brown, attached to characteristic oblong, olive leaves, (v) in olive green packaging, (vi) shown applied to a piece of fresh toast, (vii) claiming to be "Dairy Free," (viii) favorably compared to butter, through the statement, "Cooks, Bakes, & Tastes Like Butter," and "Great for Cooking & Baking," (ix) above a small, pencil-thin statement in the lower right corner identifying it as a "79% Vegetable Oil Spread," and/or "79% Plant-Based Oil Spead," (x) under the Country Crock brand, causing consumers to expect that olive oil is present beyond a de minimis or negligible amount, in absolute and relative terms, "substance[s] [including 'Natural Flavor'] ha[ve] been added thereto or mixed or packed therewith so as to…make it appear better or of greater value than it is." HSC § 110585(d); 21 U.S.C. § 342(b)(4).

45.    Based on information and belief, and/or investigation of Counsel, the added "Natural Flavor" contributes to, enhances, and/or simulates the taste of olive

oil, causing consumers to believe what they are tasting is due to a greater amount of olive oil than there is, and this allegation will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. HSC § 110585(d); 21 U.S.C. § 342(b)(4).

46.     The Product is "misbranded" and misleads consumers, because despite the labeling and packaging, (i) a water-in-oil emulsion, (ii) described as "Plant Butter," (iii) promoted as "Made With Olive Oil" and "With Olive Oil," (iv) across a front label depicting three ripening olives, gradually turning from their initial yellow-green, to rose, and then to red-brown, attached to characteristic oblong, olive leaves, (v) in olive green packaging, (vi) shown applied to a piece of fresh toast, (vii) claiming to be "Dairy Free," (viii) favorably compared to butter, through the statement, "Cooks, Bakes, & Tastes Like Butter," and "Great for Cooking & Baking," (ix) above a small, pencil-thin statement in the lower right corner identifying it as a "79% Vegetable Oil Spread," and/or "79% Plant-Based Oil Spead," (x) under the Country Crock brand, causes purchasers to expect that olive oil is present beyond a de minimis or negligible amount, in absolute and relative terms, even though the predominant vegetable oil ingredients are the highly processed canola oil, palm fruit oil, palm kernel oil, and/or soybean oil, which lack the benefits of olive oil. HSC § 110660; 21 U.S.C. § 343(a)(1).

47.     While canola oil, palm fruit oil, palm kernel oil, and/or soybean oil, may technically come from plants, few if any consumers have ever seen, and fewer have consumed, the source crop for canola, palm oil, and industrially produced soybeans.

48.     As an increasing percentage of consumers replace animal-based fats, such as dairy and meat, with those from plants, they are learning about olive oil's "good fat" as a replacement source, based on having the "highest percentage of monounsaturated fat."

49.     Consumers will expect a vegetable oil spread, promoted as "Plant

FIRST AMENDED CLASS ACTION COMPLAINT
*Burgie et al. v. Flora Food US Inc.*, No. 3:24-cv-07556-JD

Butter," based on olive oil, to contain olive oil in a predominant, or meaningful amount, relative to other oils used.

50.    This is because "[C]onsumers describe plant-based products and plant-based diets as healthy, natural, and sustainable," and olive oil is the epitome of such a food.[19]

51.    The Product is "misbranded" and misleads consumers, because despite the labeling and packaging, (i) a water-in-oil emulsion, (ii) described as "Plant Butter," (iii) promoted as "Made With Olive Oil" and "With Olive Oil," (iv) across a front label depicting three ripening olives, gradually turning from their initial yellow-green, to rose, and then to red-brown, attached to characteristic oblong, olive leaves, (v) in olive green packaging, (vi) shown applied to a piece of fresh toast, (vii) claiming to be "Dairy Free," (viii) favorably compared to butter, through the statement, "Cooks, Bakes, & Tastes Like Butter," and "Great for Cooking & Baking," (ix) above a small, pencil-thin statement in the lower right corner identifying it as a "79% Vegetable Oil Spread," and/or "79% Plant-Based Oil Spead," (x) under the Country Crock brand, causing purchasers to expect that olive oil is present beyond a de minimis or negligible amount, in absolute and relative terms, this "fails to reveal facts material in the light of such representations," because it has substituted canola oil, palm fruit oil, palm kernel oil, and/or soybean oil for olive oil. HSC § 110660; 21 U.S.C. § 343(a)(1); 15 U.S.C. § 55(a)(1).

52.    Substituting canola oil, palm fruit oil, palm kernel oil, and/or soybean oil, for olive oil, is of material interest to consumers, because olive oil costs more than these traditional, and lower quality alternatives.

53.    Substituting canola oil, palm fruit oil, palm kernel oil, and/or soybean oil, for olive oil is of material interest to consumers, because olive oil contains more

[19] Emerging Plant-Based Trends: Insights from the US and Canada, Innova Market Insights.

1    nutrients than these traditional, and lower quality alternatives.

2        54.    Substituting canola oil, palm fruit oil, palm kernel oil, and/or soybean

3    oil, for olive oil is of material interest to consumers, because olive oil is a natural

4    ingredient, made with minimal processing, because it is cold pressed, compared to

5    traditional vegetable oils, which are highly processed, through hydrogenation and/or

6    interesterification, in the presence of chemical catalysts, through industrial

7    manufacturing.

8        55.    The Product is "misbranded" and misleads consumers, because despite

9    the labeling and packaging, (i) a water-in-oil emulsion, (ii) described as "Plant

10   Butter," (iii) promoted as "Made With Olive Oil" and "With Olive Oil," (iv) across a

11   front label depicting three ripening olives, gradually turning from their initial yellow-

12   green, to rose, and then to red-brown, attached to characteristic oblong, olive leaves,

13   (v) in olive green packaging, (vi) shown applied to a piece of fresh toast, (vii) claiming

14   to be "Dairy Free," (viii) favorably compared to butter, through the statement,

15   "Cooks, Bakes, & Tastes Like Butter," and "Great for Cooking & Baking," (ix) above

16   a small, pencil-thin statement in the lower right corner identifying it as a "79%

17   Vegetable Oil Spread," and/or "79% Plant-Based Oil Spead," (x) under the Country

18   Crock brand, which includes and suggests the ingredient of olive oil, it does not

19   include canola oil, palm fruit oil, palm kernel oil, and/or soybean oil, even though

20   these are identified on the ingredient list, in fine print, on the back of the packaging.

21   HSC § 110660; 21 U.S.C. § 343(a)(1); 21 C.F.R. § 101.18(b); HSC § 110100(a).

22       56.    The Product is "misbranded" and misleads consumers, because neither

23   "Plant Butter Made With Olive Oil," "Plant Butter With Olive Oil," "79% Vegetable

24   Oil Spread," nor "79% Plant-Based Oil Spead," is a permitted and non-misleading

25   "common or usual name." HSC § 110720; 21 U.S.C. § 343(i); 21 C.F.R. § 101.3(a);

26   21 C.F.R. § 101.3(b).

27       57.    Identical federal and state law provides two specific requirements for the

28

"common or usual name" for a "mixture of edible fats and oils containing less than 100 percent and more than 0 percent olive oil." 21 C.F.R. § 102.37; HSC § 110100(a).

58.    The first is "A descriptive name for the product meeting the requirements of [21 C.F.R.] § 102.5(a)," such as "Soybean Oil, Palm Oil, Canola Oiand Olive Oil," "or another descriptive phrase." 21 C.F.R. § 102.37(a) (providing example of "cottonseed oil and olive oil").

59.    The second is "a statement of the percentage of olive oil contained in the [P]roduct in the manner set forth in § 102.5(b)(2)," because "the label bears [multiple] representation[s], other than in the ingredient listing, of the presence of olive oil in the mixture," including (1) the text, "Made With Olive Oil" and "With Olive Oil," (2) across a front label depicting three ripening olives, gradually turning from their initial yellow-green, to rose, and then to red-brown, attached to characteristic oblong, olive leaves, and (3) olive green packaging. 21 C.F.R. § 102.37(b).

60.    Instead of "the words 'containing (or contains) __ percent (or %) _olive oil_' or '__ percent (or %) _olive oil_' with the first blank filled in with the percentage expressed as a whole number not greater than the actual percentage of [olive oil]…and the second blank filled in with the common or usual name of [olive oil]," the only percentage on the front label relates to the total fat content of the "79% Vegetable Oil Spread", and "79% Plant-Based Oil Spead." 21 C.F.R. § 102.5(b)(2).

61.    By not providing a "descriptive name" which identifies the non-olive oil vegetable oils, nor the percentage of olive oil, purchasers will expect olive oil is the predominant "plant-based" oil used, even though it is the least predominant, present in not more than a minimal or negligible amount.

62.    Based on the labeling and packaging, (i) a water-in-oil emulsion, (ii) described as "Plant Butter," (iii) promoted as "Made With Olive Oil" and "With Olive Oil," (iv) across a front label depicting three ripening olives, gradually turning from their initial yellow-green, to rose, and then to red-brown, attached to characteristic

oblong, olive leaves, (v) in olive green packaging, (vi) shown applied to a piece of fresh toast, (vii) claiming to be "Dairy Free," (viii) favorably compared to butter, through the statement, "Cooks, Bakes, & Tastes Like Butter," and "Great for Cooking & Baking," (ix) above a small, pencil-thin statement in the lower right corner identifying it as a "79% Vegetable Oil Spread," and/or "79% Plant-Based Oil Spead," (x) under the Country Crock brand, olive oil is the characterizing ingredient in the Product. 21 C.F.R. § 102.5(b).

63.    First, olive oil is the characterizing ingredient because "the proportion of [olive oil] in the food has a material bearing on [the Product's] price." 21 C.F.R. § 102.5(b).

64.    This is shown by data obtained from the Vegetable Oil Price Index, listing olive oil as $2.61/kg, compared to palm oil at $1.49/kg, canola (rapeseed) oil at $1.23/kg, and soybean oil at $1.83/kg.[20]

### Vegetable oil price October 2023

- Global:US$1.52/KG, unchanged
- Coconut Oil:US$1.38/KG, 0.7% up
- Olive Oil:US$2.61/KG, 0.4% up
- Palm Oil:US$1.49/KG, unchanged
- Rapeseed Oil:US$1.23/KG, unchanged
- Soybean Meal:US$1.35/KG, unchanged
- Soybeans:US$1.56/KG, unchanged
- Soybean Oil:US$1.83/KG, unchanged
- Sunflower Oil:US$1.34/KG, unchanged

65.    The price of olive oil is seventy-five (75) percent higher than palm oil, one hundred and ten (110) percent higher than canola oil, and forty-two (42) percent higher than soybean oil.

66.    Therefore, the proportion of olive oil in the Product "has a material bearing on [its] price." 21 C.F.R. § 102.5(b).

67.    Second, olive oil is a characterizing ingredient because its usage has a

---

[20] Vegetable oil price index, BusinessAnalytIQ.

1  material bearing on consumer acceptance of vegetable oil blends marketed as "Plant
2  Butter," described as "Made With Olive Oil," and "With Olive Oil."

3      68.    Olive oil is recognized as the most popular edible oil in this country and
4  globally.

5      69.    According to a 2016 article in The New York Times, "Americans
6  recognize olive oil as one of the top foods when it comes to healthy eating."[21]

7      70.    This is confirmed by "Cargill's 2020 FATitudes survey, with olive []
8  oil[] [one of the] tops for impact on purchase and perceptions of healthfulness."[22]

9      71.    Further, the United States recently surpassed Spain as the second largest
10  consumer of olive oil.[23]



72.    The demand for olive oil coincides with how "nearly two-thirds (61%)
of U.S. consumers report avoiding [traditional vegetable] oils," such as palm oil
soybean oil, and canola oil, known to contain harmful trans fats, with negative health

[21] Joseph R. Profaci, The keys to increasing the consumption of olive oil in the US, AboutOliveOil.org.

[22] Elizabeth Brewster, Fats and Oils: Attitudes Evolve, Options Expand, Food Technology Magazine, IFT.org, July 1, 2021.

[23] Daniel Dawson, US Surpasses Spain as Second-Largest Olive Oil Consumer, Olive

FIRST AMENDED CLASS ACTION COMPLAINT
*Burgie et al. v. Flora Food US Inc.*, No. 3:24-cv-07556-JD

1  effects.[24]

2    73.    Third, olive oil is a characterizing ingredient because "the [Product's]

3  labeling [and] appearance," "Plant Butter," described as "Made With Olive Oil," and

4  "With Olive Oil," across a front label depicting three ripening olives, gradually

5  turning from their initial yellow-green, to rose, and then to red-brown, attached to

6  characteristic oblong, olive leaves, in olive green packaging, described as "Dairy

7  Free," and "Tastes Like Butter," "create[s] an erroneous impression that [olive oil] is

8  present in an amount greater than is actually the case." 21 C.F.R. § 102.5(b).

9    74.    The result is that purchasers will expect the Product's primary or

10  predominant oil ingredient is olive oil, or at least that it is present in more than a de

11  minimis amount, instead of the traditional vegetable oils, like the highly processed

12  canola oil, palm fruit oil, palm kernel oil, and/or soybean oil.

13    75.    Since olive oil is a characterizing ingredient, the Product's common or

14  usual name, whether "Plant Butter Made With Olive Oil," "Plant Butter With Olive

15  Oil," "79% Vegetable Oil Spread," and/or "79% Plant-Based Oil Spread," is required

16  to "include the percentage(s) of [olive oil]" "on the basis of its quantity in the finished

17  product," so consumers will not be misled about the relative and absolute amount of

18  olive oil used. 21 C.F.R. § 102.5(b) and 21 C.F.R. § 102.5(b)(1).

19    76.    The amount of olive oil was required to "be declared by the words

20  'containing (or contains) __ percent (or %) _____' or '__ percent (or %) _____,'

21  with the first blank filled in with the percentage expressed as a whole number not

22  greater than the actual percentage of [olive oil]…and the second blank filled in with

23  the common or usual name of [olive oil]." 21 C.F.R. § 102.5(b)(2).

24    77.    One person who appeared to agree that "Country Crock Plant Butter

25  [Made] With Olive Oil" was not the Product's "common or usual name" was Dr. Ken

26

27  [24] Sam Danley, Consumers monitoring fats, oils in packaged foods, Food Business
28  News, May 27, 2020.

D. Berry, MD, who called it "FALSE ADVERTISING."

78.    Dr. Berry asked his Facebook followers rhetorically, if "'With Olive Oil' – that means it's made with Olive Oil?," answering "No. Check the ingredient list! SOYBEAN OIL & Palm Oil are what this Margarine is made of. They added a drop of Olive Oil."[25]



Ken D Berry, MD
August 9, 2020 · 🌐

This is the kind of FALSE ADVERTISING that makes people sick and keeps people sick.
Plant Butter - new term for MARGARINE. So many people have been tricked by this.
"With Olive Oil" - that means it's made with Olive Oil? No. Check the ingredient list! SOYBEAN OIL & Palm Oil are what this Margarine is made of. They added a drop of Olive Oil...
New! - This is the same ▮▮▮ big-food has been pushing on us since 1910.
Don't let your family & friends fall prey to this crap!

#fal... See more

👍😮😡 2.8K          648          2.2K

79.    Another online advocate, Vani Hari, known as "The Food Babe," asked her over one million Instagram followers, "Can you spot the lie?" about Country Crock's "Plant Butter With Olive Oil."[26]

---

[25] Dr. Ken Berry, This is the kind of false advertising…, Facebook, Aug. 9, 2020; Dr. Ken Berry, Please don't let your family…, Facebook, Dec. 18, 2019.

[26] The Food Babe, Plant Butter With Olive Oil, Instagram.



80.    Hari lamented that "This is such a shady trick! People are not buying 'Plant Butter With Olive Oil' for the unhealthy soybean oil and palm kernel oil, natural flavors, and processed ingredients like soy lecithin."

81.    She continued, "They put 'With Olive Oil' on the front of the container because olive oil is healthy and they know that most people will see this and assume Country Crock Plant Butter is good for you."

82.    However, "The truth is that this spread contains more soybean oil than olive oil [and] Soybean oil is one of the most unhealthy oils to eat. It's refined and heavily processed. It's known to increase the risk of obesity, inflammation, cardiovascular disease, cancer, and autoimmune diseases."

83.     As a result of the false and misleading representations and omissions, the Product is sold at a premium price, approximately $3.49 for four sticks (16 oz) and $3.29 for a 10.5 oz container, excluding tax and sales, higher than similar products, represented in a non-misleading way, and higher than it would be sold for absent the misleading representations and omissions.

## **JURISDICTION**

84.    Plaintiff Burgie is a citizen of California.

85.    The Court has jurisdiction over Defendant because it transacts business within California and sells the Product to consumers within California, through its

sale and/or distribution by grocery stores, big box stores, gas stations, warehouse club stores, drug stores, convenience stores, specialty grocery stores, and/or online, to citizens of this State.

86.     Defendant transacts business in California, through the sale of the Product to citizens of California, from grocery stores, big box stores, gas stations, warehouse club stores, drug stores, convenience stores, specialty grocery stores, and/or online, to citizens of this State.

87.     Defendant has committed tortious acts within this State through the distribution and sale of the Product, which is misleading to consumers in this State.

88.     Defendant has committed tortious acts outside this State by labeling, packaging, representing, and selling the Product in a manner which causes injury to consumers within this State, by misleading them as to its contents, production practices, type, origins, quantity, amount, and/or quality, by regularly doing or soliciting business, or engaging in other persistent courses of conduct to sell the Product to consumers in this State, and/or derives substantial revenue from the sale of the Product in this State.

89.     Defendant has committed tortious acts outside this State by labeling the Product in a manner which causes injury to consumers within this State by misleading them as to its contents, ingredients, production practices, type, origins, amount, and/or quality, through causing the Product to be distributed throughout this State, such that it expects or should reasonably expect such acts to have consequences in this State and derives substantial revenue from interstate or international commerce.

## **VENUE**

90.     Plaintiff Burgie resides in San Francisco County.

91.     Venue is in this Court because Plaintiff Burgie's residence is in San Francisco County.

92.     Venue is in this Court because a substantial or entire part of the events

or omissions giving rise to Plaintiff Burgie's claims occurred in San Francisco County.

93.    This is because Plaintiff Burgie purchased, applied, used, and/or consumed the Product in San Francisco County, in reliance on the packaging and labeling identified here, and/or learned the representations and omissions identified here were false and/or misleading in San Francisco County.

## PARTIES

94.    Plaintiff Burgie is a citizen of San Francisco County, California.

95.    Plaintiff Schade is a citizen of Alameda County, California.

96.    Defendant Flora Food US Inc., formerly known as Upfield US Inc., is a Delaware corporation with a principal place of business in New Jersey and Kansas.

97.    Defendant was formed following the spinoff of the margarine business from global conglomerate Unilever.

98.    The Product is sold in several sizes and forms, with uniform or very similar representations, omissions, labeling, and packaging.

99.    Plaintiffs are like most consumers, and look and/or cannot avoid viewing the front label of foods, to see what they are buying, and to learn basic information about them.

100.    Plaintiffs are like most consumers and are accustomed to the front label of packaging telling them about a food's predominant or significant ingredients.

101.    Plaintiffs expected the Product to have a predominant or significant amount of olive oil, compared to other vegetable oils used.

102.    Plaintiffs did not expect that olive oil was present in a de minimis or negligible amount.

103.    Plaintiffs did not expect that the Product was practically equivalent to margarine, because it was a 79% vegetable oil blend, compared to margarine, which is an 80% vegetable oil blend.

104.    Plaintiffs are like most consumers who seek to avoid margarine, because it is made mainly from traditional vegetable oils, such as palm oil, soybean oil, and/or canola oil, which are highly processed, and known for their detrimental health effects.

105.    Plaintiffs are like most consumers, who seek to consume olive oil and/or more olive oil, due to its known health benefits, nutritive value, because it is a natural ingredient, and/or its taste.

106.    Plaintiffs read, saw, and relied on the packaging and labeling, including "Plant Butter," promoted as "Made With Olive Oil" and "With Olive Oil," across a front label depicting three ripening olives, gradually turning from their initial yellow-green, to rose, and then to red-brown, attached to characteristic oblong, olive leaves, in olive green packaging, shown applied to a piece of fresh toast, claiming to be "Dairy Free," favorably compared to butter, through the statement, "Cooks, Bakes, & Tastes Like Butter," and "Great for Cooking & Baking," to mean olive oil was the predominant ingredient, or at least present in a significant amount, when this was false and misleading, because the predominant oils used were canola oil, palm fruit oil, palm kernel oil, and/or soybean oil.

107.    Plaintiffs bought the Product with the labeling and packaging identified here, (i) a water-in-oil emulsion, (ii) described as "Plant Butter," (iii) promoted as "Made With Olive Oil" and "With Olive Oil," (iv) across a front label depicting three ripening olives, gradually turning from their initial yellow-green, to rose, and then to red-brown, attached to characteristic oblong, olive leaves, (v) in olive green packaging, (vi) shown applied to a piece of fresh toast, (vii) claiming to be "Dairy Free," (viii) favorably compared to butter, through the statement, "Cooks, Bakes, & Tastes Like Butter," and "Great for Cooking & Baking," (ix) above a small, pencil-thin statement in the lower right corner identifying it as a "79% Vegetable Oil Spread," and/or "79% Plant-Based Oil Spead," (x) under the Country Crock brand, at or around the above-referenced price.

108.   Plaintiffs purchased the Product between October 2019 and July 2024, at grocery stores, big box stores, gas stations, warehouse club stores, drug stores, convenience stores, and/or specialty grocery stores, in this State.

109.   Plaintiffs did not expect olive oil was not the Product's predominant ingredient, nor that it was not present in a significant amount, compared to canola oil, palm fruit oil, palm kernel oil, and/or soybean oil.

110.   Plaintiffs paid more for the Product than they would have, had they known olive oil was not the Product's predominant ingredient, nor was it present in a significant amount, compared to canola oil, palm fruit oil, palm kernel oil, and/or soybean oil.

111.   The Product was worth less than what Plaintiffs paid, and they would not have paid as much absent Defendant's false and misleading statements and/or omissions.

112.   Plaintiffs chose between Defendant's Product and products represented similarly, but which did not misrepresent their attributes, quality, type, features, and/or components.

113.   Plaintiffs intend to, seek to, and will purchase the Product again when they can do so with the assurance its representations are consistent with its attributes, features, quality, type, ingredients, quantity, and/or composition.

114.   Plaintiffs are unable to rely on the representations not only of this Product, but other similar vegetable oil spreads promoted with valuable oil ingredients, like olive oil, because they are unsure whether those representations are truthful.

115.   If Defendant's labeling were to be truthful, Plaintiffs could rely on the labeling of other such products.

## CLASS ALLEGATIONS

116.   Plaintiffs seek to represent the following class:

FIRST AMENDED CLASS ACTION COMPLAINT
*Burgie et al. v. Flora Food US Inc.*, No. 3:24-cv-07556-JD

All persons in California who purchased the Product in California during the statutes of limitations for each cause of action alleged.

117.   Excluded from the Class are (a) Defendant, Defendant's board members, executive-level officers, members, attorneys, and immediate family members of any of the foregoing persons; (b) governmental entities; (c) the Court, the Court's immediate family, and Court staff and (d) any person that timely and properly excludes himself or herself from the Class.

118.   Common questions of issues, law, and fact predominate and include whether Defendant's representations and omissions were and are misleading and if Plaintiffs and class members are entitled to damages.

119.   Plaintiffs' claims and basis for relief are typical to other members because all were subjected to the same unfair, misleading, and deceptive representations, omissions, and actions.

120.   Plaintiffs are adequate representatives because their interests do not conflict with other members.

121.   No individual inquiry is necessary since the focus is only on Defendant's practices, and the class is definable and ascertainable.

122.   Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

123.   The class is sufficiently numerous, with over 100 members, because the Product has been sold throughout the State for several years with the representations, omissions, packaging, and/or labeling identified here, from third parties, including grocery stores, big box stores, gas stations, warehouse club stores, drug stores, convenience stores, specialty grocery stores, and/or online, to citizens of this State.

124.   Plaintiffs' Counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

125.   Plaintiffs seek injunctive relief because the practices continue.

FIRST AMENDED CLASS ACTION COMPLAINT
*Burgie et al. v. Flora Food US Inc.*, No. 3:24-cv-07556-JD

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

Unfair Competition Law ("UCL"),

Business and Professions Code ("BPC") § 17200, *et seq.*

126. To the extent required, Plaintiffs incorporate by reference other paragraphs.

127. Defendant's conduct is "unlawful" because it violates the False Advertising Law ("FAL"), BPC § 17500, et seq. ("FAL"), and Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, et seq.

128. Each of the challenged statements and omissions violates the FFDCA, Sherman Law, and/or FAL, and therefore violates the "unlawful" prong of the UCL.

129. The purpose of the UCL is to protect consumers against unfair and deceptive practices.

130. This includes making state consumer protection and enforcement consistent with established policies of federal law relating to consumer protection.

131. The UCL considers false advertising, unfair acts, and deceptive practices in the conduct of any trade or commerce to be unlawful.

132. Violations of the UCL can be based on other laws and standards related to consumer deception.

133. Violations of the UCL can be based on the principles of the Federal Trade Commission Act ("FTC Act") and FTC decisions with respect to those principles. 15 U.S.C. § 45 et seq.

134. A UCL violation can occur whenever any rules promulgated pursuant to the FTC Act, 15 U.S.C. § 41 et seq., are violated.

135. A UCL violation can occur whenever the standards of unfairness and deception set forth and interpreted by the FTC or the federal courts relating to the FTC Act are violated.

136. A UCL violation can be based on public policy, established through statutes, laws, or regulations.

137. A UCL violation can occur whenever any law, statute, rule, regulation, or ordinance, which proscribes unfair, deceptive, or unconscionable acts or practices is violated.

138. In considering whether advertising is misleading in a material respect, the FTC Act recognizes that the effect of advertising includes not just representations made or suggested by words and images, "but also the extent to which [it] fails to reveal facts material in the light of such representations." 15 U.S.C. § 55(a)(1).

139. In considering whether a product's label is misleading, it is required to consider not only representations made or suggested by statements, images, and/or design, but also the extent to which it fails to prominently and conspicuously reveal facts relative to the proportions or absence of certain components, ingredients, and/or other relevant facts, which are of material interest to consumers.

140. Defendant's false and deceptive representations and omissions with respect to the Product's contents, origins, ingredients, flavoring, type, functionality, and/or quality, (i) a water-in-oil emulsion, (ii) described as "Plant Butter," (iii) promoted as "Made With Olive Oil" and "With Olive Oil," (iv) across a front label depicting three ripening olives, gradually turning from their initial yellow-green, to rose, and then to red-brown, attached to characteristic oblong, olive leaves, (v) in olive green packaging, (vi) shown applied to a piece of fresh toast, (vii) claiming to be "Dairy Free," (viii) favorably compared to butter, through the statement, "Cooks, Bakes, & Tastes Like Butter," and "Great for Cooking & Baking," (ix) above a small, pencil-thin statement in the lower right corner identifying it as a "79% Vegetable Oil Spread," and/or "79% Plant-Based Oil Spread," (x) under the Country Crock brand, are material in that they are likely to influence consumer purchasing decisions.

141. The replacement of olive oil, with traditional vegetable oils, such as

canola oil, palm fruit oil, palm kernel oil, and/or soybean oil, is of material interest to consumers, because (1) olive oil costs more than these traditional vegetable oils, (2) they seek to avoid ingredients that are highly processed, made through industrial manufacturing, (3) consider olive oil to be "plant-based," because it is from a food they are aware of, in its whole form, in contrast to how most consumers are not aware of palm fruits, canola, or industrial soy, (4) they expect olive oil will be the basis for the Product's "good fat" content, similar to butter, (5) they associate the term, "plant-based" with foods that are known to be healthy, and/or (6) they are aware of olive oil's status as a "superfood," known for providing a range of nutrition and other benefits.

142.   The labeling of the Product violated the FTC Act and thereby violated the UCL because the representations, omissions, packaging, and/or labeling, (i) a water-in-oil emulsion, (ii) described as "Plant Butter," (iii) promoted as "Made With Olive Oil" and "With Olive Oil," (iv) across a front label depicting three ripening olives, gradually turning from their initial yellow-green, to rose, and then to red-brown, attached to characteristic oblong, olive leaves, (v) in olive green packaging, (vi) shown applied to a piece of fresh toast, (vii) claiming to be "Dairy Free," (viii) favorably compared to butter, through the statement, "Cooks, Bakes, & Tastes Like Butter," and "Great for Cooking & Baking," (ix) above a small, pencil-thin statement in the lower right corner identifying it as a "79% Vegetable Oil Spread," and/or "79% Plant-Based Oil Spead," (x) under the Country Crock brand, caused consumers to expect olive oil was the predominant ingredient, or at least present in a significant amount, even though the predominant oils used were canola oil, palm fruit oil, palm kernel oil, and/or soybean oil, was unfair and deceptive to consumers.

143.   The labeling of the Product violates laws, statutes, rules and regulations which proscribe unfair, deceptive, or unconscionable acts or practices, thereby violating the UCL.

FIRST AMENDED CLASS ACTION COMPLAINT
*Burgie et al. v. Flora Food US Inc.*, No. 3:24-cv-07556-JD

144.   The labeling of the Product violates laws, statutes, rules and regulations that are intended to protect the public.

145.   The labeling of the Product violated the UCL because the representations, omissions, labeling, and/or packaging, (i) a water-in-oil emulsion, (ii) described as "Plant Butter," (iii) promoted as "Made With Olive Oil" and "With Olive Oil," (iv) across a front label depicting three ripening olives, gradually turning from their initial yellow-green, to rose, and then to red-brown, attached to characteristic oblong, olive leaves, (v) in olive green packaging, (vi) shown applied to a piece of fresh toast, (vii) claiming to be "Dairy Free," (viii) favorably compared to butter, through the statement, "Cooks, Bakes, & Tastes Like Butter," and "Great for Cooking & Baking," (ix) above a small, pencil-thin statement in the lower right corner identifying it as a "79% Vegetable Oil Spread," and/or "79% Plant-Based Oil Spead," (x) under the Country Crock brand, caused consumers to expect olive oil was the predominant ingredient, or at least present in a significant amount, even though the predominant oils used were canola oil, palm fruit oil, palm kernel oil, and/or soybean oil.

146.   The labeling of the Product violated the UCL because the representations, omissions, packaging, and/or labeling, (i) a water-in-oil emulsion, (ii) described as "Plant Butter," (iii) promoted as "Made With Olive Oil" and "With Olive Oil," (iv) across a front label depicting three ripening olives, gradually turning from their initial yellow-green, to rose, and then to red-brown, attached to characteristic oblong, olive leaves, (v) in olive green packaging, (vi) shown applied to a piece of fresh toast, (vii) claiming to be "Dairy Free," (viii) favorably compared to butter, through the statement, "Cooks, Bakes, & Tastes Like Butter," and "Great for Cooking & Baking," (ix) above a small, pencil-thin statement in the lower right corner identifying it as a "79% Vegetable Oil Spread," and/or "79% Plant-Based Oil Spead," (x) under the Country Crock brand, when these representations and omissions were

false and/or misleading, when these representations and omissions were false and/or misleading, because the predominant flour ingredient was refined flour, from non-whole grains, instead of whole wheat flour, from whole grains, was contrary to statutes and/or regulations below, which prohibit consumer deception by companies in the labeling of food products.

| Federal | State |
|---------|-------|
| 21 U.S.C. § 342(b)(1) | HSC § 110585(a) |
| 21 U.S.C. § 342(b)(2) | HSC § 110585(b) |
| 21 U.S.C. § 342(b)(4) | HSC § 110585(d) |
| 21 U.S.C. § 343(a)(1) | HSC § 110660 |
| 21 U.S.C. § 343(i) | HSC § 110720 |
| 21 C.F.R. § 101.18(b) | |
| 21 C.F.R. § 102.5(a) | HSC § 110100(a) |
| 21 C.F.R. § 102.5(b) | |
| 21 C.F.R. § 102.37 | |

147. Plaintiffs believed the Product contained a predominant and/or significant amount of olive oil, even though it contained a predominant and/or significant amount of traditional vegetable oils, such as canola oil, palm fruit oil, palm kernel oil, and/or soybean oil.

148. Plaintiffs paid more for the Product, and would not have paid as much, if they knew that it did not contain a predominant and/or significant amount of olive oil, because it contained a predominant and/or significant amount of traditional vegetable oils, such as canola oil, palm fruit oil, palm kernel oil, and/or soybean oil.

149. Plaintiffs seeks to recover for economic injury and/or loss they sustained based on the misleading labeling and packaging of the Product, a deceptive practice under the UCL.

150.   Plaintiffs will produce evidence showing how they and consumers paid more than they would have paid for the Product, relying on Defendant's representations, omissions, packaging, and/or labeling, using statistical and economic analyses, hedonic regression, hedonic pricing, conjoint analysis, and/or other advanced methodologies.

151.   This means the individual damages will be based on the value attributed to the challenged claims and/or omissions, a percentage of the total price paid.

152.   As a result of Defendant's misrepresentations and omissions, Plaintiffs were injured and suffered damages by payment of a price premium for the Product, which is the difference between what they paid based on its labeling, packaging, representations, statements, omissions, and/or marketing, and how much it would have been sold for without the misleading labeling, packaging, representations, statements, omissions, and/or marketing identified here.

153.   Each of the challenged statements and omissions violates the FFDCA, Sherman Law, and FAL, and therefore violates the "unlawful" prong of the UCL.

154.   In accordance with Cal. Bus. & Prof. Code § 17203, Plaintiffs seek an order enjoining Defendant from continuing to conduct business through unlawful, unfair, and/or fraudulent acts and practices, and to commence corrective advertising.

## SECOND CAUSE OF ACTION

### False Advertising Law ("FAL"),

### Bus. & Prof. Code § 17500, *et seq.*

155.   To the extent required, Plaintiffs incorporate by reference other paragraphs.

156.   The FAL prohibits false and/or misleading representations and omissions, such as the labeling and packaging of the Product, (i) a water-in-oil emulsion, (ii) described as "Plant Butter," (iii) promoted as "Made With Olive Oil" and "With Olive Oil," (iv) across a front label depicting three ripening olives,

gradually turning from their initial yellow-green, to rose, and then to red-brown, attached to characteristic oblong, olive leaves, (v) in olive green packaging, (vi) shown applied to a piece of fresh toast, (vii) claiming to be "Dairy Free," (viii) favorably compared to butter, through the statement, "Cooks, Bakes, & Tastes Like Butter," and "Great for Cooking & Baking," (ix) above a small, pencil-thin statement in the lower right corner identifying it as a "79% Vegetable Oil Spread," and/or "79% Plant-Based Oil Spead," (x) under the Country Crock brand, because instead of olive oil being the Product's predominant ingredient, or at least present in a significant amount, the predominant oils used were canola oil, palm fruit oil, palm kernel oil, and/or soybean oil.

157.   In reliance on this false and misleading advertising, Plaintiffs purchased, used, applied, and/or consumed the Product, without knowledge olive oil was not its predominant ingredient, nor present in a significant amount, and instead contained mostly canola oil, palm fruit oil, palm kernel oil, and/or soybean oil.

158.   Defendant knew or should have known that these representations, omissions, and/or comparisons, were likely to deceive consumers.

159.   Plaintiffs seek injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Defendant was unjustly enriched.

### THIRD CAUSE OF ACTION

Consumers Legal Remedies Act ("CLRA"),

Cal. Civ. Code § 1750, *et seq.*

160.   To the extent required, Plaintiffs incorporate by reference other paragraphs.

161.   The CLRA prohibits deceptive practices in connection with the conduct of a business providing goods, property, or services, primarily for personal, family, or household purposes.

162.   Plaintiffs are consumers.

34

163.    Defendant's policies, acts, and practices were designed to, and did, result in Plaintiffs' purchase, consumption, application, and/or use of the Product, primarily for personal, family, or household purposes, and violated and continue to violate sections of the CLRA, including:

   a.    Civil Code § 1770(a)(5), because Defendant represented that the Product had characteristics, attributes, features, capabilities, uses, benefits, and qualities it did not have;

   b.    Civil Code § 1770(a)(9), because Defendant advertised the Product with an intent not to sell it as advertised; and

   c.    Civil Code § 1770(a)(16), because Defendant represented that the Product had been supplied in accordance with its previous representations, when it was not.

164.    Pursuant to Cal. Civ. Code § 1782(a), Plaintiffs sent a CLRA Notice to Defendant shortly after this action was commenced, which detailed and included these violations of the CLRA, demanded correction of these violations, and provided the opportunity to correct these business practices, prior to seeking monetary damages under the CLRA.

165.    Records from the carrier show the Notice was received.

166.    Defendant has not corrected the identified conduct within thirty days of receipt.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment and relief as follows:

A.    Certification of the Class, designating Plaintiffs as representatives and Plaintiffs' Counsel as Counsel for the Class;

B.    A declaration that Defendant has committed the violations alleged;

C.    For injunctive relief the Court deems appropriate;

D.     For restitution and disgorgement pursuant to, without limitation, BPC §
17200, *et seq.* and Cal Civ. Code § 1780;

E.     Compensatory damages, the amount to be determined at trial;

F.     For attorneys' fees, costs, and interest;

G.     For such further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a jury trial on all causes of action so triable.


Dated:   November 25, 2024

Respectfully submitted,

/s/ Kyle Gurwell

Kyle Gurwell (SBN 289298)
360 Consumer Law
10055 Slater Ave, Suite 250
Fountain Valley, CA 92708
(562) 600-9989
kng@lawofficekg.com

*Attorney for Plaintiffs*

FIRST AMENDED CLASS ACTION COMPLAINT
*Burgie et al. v. Flora Food US Inc.*, No. 3:24-cv-07556-JD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## Certificate of Service

I certify that on November 25, 2024, I served and/or transmitted the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

|                      | Electronic Filing | First-Class Mail | Email | Fax |
|----------------------|-------------------|------------------|-------|-----|
| Defendant's Counsel  | ☒                 | ☐                | ☐     | ☐   |
| Plaintiffs' Counsel  | ☒                 | ☐                | ☐     | ☐   |
| Court                | ☒                 | ☐                | ☐     | ☐   |

/s/ Kyle Gurwell